UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| NATHAN BLACKMAN,<br><br>Plaintiff,<br><br>v.<br><br>THE ATTORNEY GENERAL OF THE UNITED STATES and PRESIDENT TRUMP,<br><br>Defendants. | Case No. 1:26-cv-00048-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Nathan Blackman ("Plaintiff") filed an in forma pauperis Complaint that is subject to screening by the Court to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915 & 1915A. Having reviewed Plaintiff's Complaint, the Court issues the following Order dismissing the Complaint without leave to amend.

## REVIEW OF COMPLAINT

### 1. Standard of Law

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court liberally construes the pleadings to determine whether a case should be dismissed.

Under 28 U.S.C. §§ 1915 and 1915A, the Court may dismiss some or all the claims in a complaint for any of the following reasons:

- "insufficient facts under a cognizable legal" theory, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984), meaning that the factual assertions, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009);

- "lack of a cognizable legal theory," *Robertson*, 749 F.2d at 534, including that the complaint fails to state a claim upon which relief may be granted, 28 U.S.C. § 1915(e)(2)(B), or the Court applies a procedural bar sua sponte (on its own) that is often raised as an affirmative defense, *Hebrard v. Nofziger*, 90 F.4th 1000, 1006 (9th Cir. 2024) (affirming dismissal based on *Heck v. Humphrey*, 512 U.S. 477 (1994));

- frivolousness or maliciousness, 28 U.S.C. § 1915(e)(2)(B); or

- seeking monetary relief from a defendant who is immune from such relief, *id*.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

## 2.  Background

Plaintiff alleges that the Idaho state prisons are overcrowded, but the Idaho Department of Correction should not be permitted to house state inmates in county jails under legislative appropriations for millions of dollars. (Dkt. 2). Instead, he asserts that he is entitled to early release from his sentence. Plaintiff does not sue state officials for these alleged violations, but federal executive branch officials.

## 3.  Discussion

Plaintiff may not proceed against federal defendants on his claims. An essential element of a § 1983 case is showing that the defendants' actions caused the deprivation of a constitutional right. 42 U.S.C. § 1983*; Arnold v. International Business Machines Corp*., 637 F.2d 1350, 1355 (9th Cir. 1981). There is no causal connection between state legislative funding to alleviate a state

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

prison overcrowding problem by using appropriations to pay county jails to house state prisoners and the Attorney General of the United States or the President of the United States.

Even if Plaintiff desires to sue Idaho state legislators over this issue, they are immune from suit. When legislators have acted in their legislative capacities, not in their administrative or executive capacities, they cannot be sued for legislative decisions or actions. *Bechard v. Rappold*, 287 F.3d 827, 829 (9th Cir. 2002). The court must determine whether the act is "formally legislative [in] character" and whether it bears "all the hallmarks of traditional legislation." *Bogan v. Scott-Harris,* 523 U.S. 44, 55 (1998).

Idaho Code § 20-237A(2) establishes the rate of pay from the state board of correction to county jails for housing state-sentenced prisoners; subsection (5) provides that "the legislature shall appropriate sufficient funds annually to the department of correction to make all payments to counties as required in this section." Plaintiff clearly is contesting formal legislation that bears the hallmarks of traditional legislation. Therefore, he would not be able to amend his Complaint to name Idaho legislators.

In Claim 1, Plaintiff asserts that the Idaho Commission of Pardons and Parole ("ICPP") is contributing to the housing of state prisoners in county facilities, but his assertion is nonsensical: "pursuant to Idaho code 67-2601 Idaho commission of pardons and parole are self-governing agencies that are failing to realize as government establishment running of government funding and creating Idaho short fall revenue do to prison overcrowding with extensive payments 20-237A." Dkt. 2 at 4 (verbatim).

Idaho Code § 67-2601 creates an overarching state department that encompasses many state agencies, including but not limited to agricultural, library services, and the ICPP. The statute

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

has nothing to do with prison funding. As noted above, I.C. § 20-237A(2) provides authority for the legislation at issue.

In Plaintiff's Motion for Credit for Time Served, he cites I.C. § 20-248, which governs the transfer of Idaho state prisoners to federal facilities, by agreement of the Idaho Board of Correction and the United States Attorney General. (Dkt. 5 at 2). This statute has nothing to do with the IDOC housing state prisoners in county jails because of overcrowding at the IDOC facilities. Plaintiff is not a state prisoner eligible to be transferred to a federal prison.

No state statute cited in Plaintiff's filings is unconstitutional on its face. Nor has Plaintiff provided facts showing they were or are being applied to him in an unconstitutional manner.

Further, release from prison is not an available remedy in a civil rights action. The Supreme Court has made it clear that when a state prisoner seeks "a determination that he is entitled to immediate release or a speedier release from . . . imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In addition, any injunctive relief claims requesting that the Court order the IDOC to house him in a facility other than a county jail facility is moot, because Petitioner is now incarcerated in an Idaho Department of Correction facility in St. Anthony, Idaho. *See* Dkt. 8.

### 4. Conclusion

Plaintiff may not proceed against the named Defendants. He cannot file an amendment naming Idaho legislators. He has stated no facts that might support a constitutional challenge to the statutes cited. He cannot obtain release through a civil rights action such as this, nor can he seek injunctive relief. Amendment against these defendants or against Idaho government officials would be futile; therefore, no opportunity to amend will be afforded. *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

For these reasons, the Court will dismiss the Complaint with prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Appoint Counsel (Dkt. 3) is DENIED.

2. Plaintiff's Motion for Credit for Time Served (Dkt. 5) is DENIED.

3. Plaintiff's Motion to Provide Submitted Evidence (Dkt. 7) is GRANTED. The evidence does not change the Court's conclusions.

4. The Complaint is DISMISSED for failure to state a federal claim upon which relief can be granted.

DATED: July 7, 2026

Amanda K. Brailsford
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**